**ROLEX WATCH U.S.A., INC.,**
**Plaintiff–Appellee,**

v.

**Thomas D. CROWLEY and Patricia Crowley, Defendants–Appellants,**

Astor Fine Jewelers, Inc., Daniel Sledd, Debra Sledd, James Trent Crowley, Bobby Howell, Brad Crowley, Tiki Crowley, Rita Crowley and Astor Jewelers, Inc., Defendants.

Nos. 94–6459, 94–6460.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 22, !996.

Decided Feb. 2, 1996.

John J. Mulrooney (argued and briefed), Wolff Ardis, P.C., Memphis, TN, for Plaintiff–Appellee.

Stuart B. Breakstone (argued and briefed), Memphis, TN, for Defendants–Appellants.

Before: MARTIN and RYAN, Circuit Judges; KATZ, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

Thomas D. Crowley and his wife, Patricia Crowley, appeal a civil contempt judgment entered against them for violations of a permanent injunction entered by consent. This contempt judgment was the second against the Crowleys for failing to adhere to a court order prohibiting them from engaging in conduct that constituted trademark infringement, unfair competition, and dilution of Rolex Watch Inc., U.S.A.'s trademark rights.

## I.

The Crowleys were employees and shareholders of Astor Fine Jewelers, Inc. in Memphis, Tennessee. On December 16, 1988, Rolex Watch U.S.A., Inc. sued them and several other defendants for trademark infringement, unfair competition, and dilution of trademark rights.[1] Rolex alleged that the defendants were selling, to unsuspecting purchasers, used Rolex watches that had been altered with non-Rolex parts, and were representing the reconditioned watches as genuine Rolexes. Rolex further alleged that the defendants featured Rolex trademarks in advertisements and signs in a confusing and misleading manner calculated to deceive the public into purchasing their goods in the erroneous belief that the defendants were affiliated with Rolex.

The parties reached a negotiated settlement in November 1989, and in January 1990 the defendants were permanently restrained and enjoined from engaging in certain conduct related to the sale of the reconditioned watches. The permanent injunction prohibited the defendants and third parties acting with them from offering for sale or selling any goods bearing a copy or colorable imita-

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Rolex is the exclusive distributor of watches bearing the Rolex trademarks in the United States. Rolex claimed that, as a result of extensive advertising, widespread sales, and the celebrity that its watches and trademarks have achieved, the watches are recognized as originating from a single source.

tion of the Rolex trademarks; required that newspaper and telephone yellow pages ads include Rolex trademarks no larger than the smallest type-face used in the ads; required a specific disclaimer immediately adjacent to the most conspicuous and prominent use of the Rolex trademarks in all advertising materials and mediums; and required that a statement regarding reconditioning, alteration, age, and warranty be attached to each Rolex watch offered for sale.

On June 26, 1990, Rolex alleged that the Crowleys were violating the settlement agreement and repeatedly violating parts of the permanent injunction.[2] In particular, Rolex claimed the Crowleys were: (1) using Rolex trademarks in advertisements without the court-ordered disclaimer; (2) failing to attach the court-ordered written statement to Rolexes offered for sale; and (3) selling counterfeit Rolexes. Rolex moved for an order directing the Crowleys to appear and show cause why they should not be held in contempt for violation of the permanent injunction; why they should not be permanently enjoined from selling or offering for sale any goods or services bearing a Rolex trademark; and why they should not be permanently enjoined from using the Rolex trademarks in any manner for any purpose. Rolex also asked the court to sanction the Crowleys for their violation of the permanent injunction, and to award damages in the form of profits earned, attorney's fees, and costs.

On July 6, the district court issued a show cause order, and on September 12, the Crowleys filed a response to Rolex's contempt motion and an answer to Rolex's motion for judgment, denying that they were violating the permanent injunction. On December 6, the Crowleys filed a second response, again denying that they were in violation of the injunction or settlement agreement, and arguing that any violations were merely technical and did not prevent them from being in substantial compliance with the injunction.

In addition, the Crowleys argued that the settlement agreement was not a binding contract, or was unenforceable under the equitable doctrine of unclean hands.

On January 22, 1991, the Crowleys further responded to the contempt motion by moving the court to vacate or modify the permanent injunction. The Crowleys argued that they were entitled to relief because Rolex was guilty of unclean hands, champerty and maintenance, and because no meeting of the minds existed between the parties on essential elements of the settlement agreement. Rolex opposed the Crowleys' motion and the court denied it on April 15, 1992.

While the contempt motion was still pending, the Crowleys left Astor and started Laurelwood Jewelers next door. On May 19, 1993, Rolex and the Crowleys settled the contempt proceeding by executing an amended settlement agreement that was entered on May 25. As part of that agreement, the Crowleys consented to the entry of a second permanent injunction, which included an admission of contempt, and an agreed compensatory sanction of $5,000 for the first contempt judgment.[3]

On March 4, 1994, Rolex once again moved for an order directing the Crowleys to appear and show cause why they should not be held in contempt and sanctioned for ongoing violations of the permanent injunction. Rolex alleged that the Crowleys: (1) were offering watches bearing Rolex trademarks for sale without the court-ordered statement conspicuously attached; (2) were using Rolex trademarks on promotional materials and signs without the court-ordered disclaimer; and (3) had failed to pay the $5,000.00 sanction for their first contempt violation.

On March 10, the district court ordered the Crowleys to show cause why they should not be held in contempt of the second permanent injunction and to defend against the alleged breach of the second settlement agreement. On April 13, the Crowleys filed

---

2. The Crowleys were the only defendants against whom contempt proceedings were brought.

3. The second settlement agreement and permanent injunction applied to Laurelwood and any other businesses of the Crowleys that dealt in

watches bearing Rolex trademarks, and required the Crowleys to inform their employees of the injunction. In addition, the agreement provided remedies for breach, including liquidated damages, attorney's fees, and expenses.

a response raising several defenses to the contempt charge. Specifically, the Crowleys sought to defend on the following grounds: (1) Rolex failed to notify them within a reasonable time of the alleged violations; (2) they lacked day-to-day involvement in the operations of Laurelwood and therefore were ignorant of the violations until Rolex filed the second contempt motion; (3) they substantially complied with the second permanent injunction; and (4) they were financially unable to pay the $5,000 sanction for their prior contempt.

Following a show-cause hearing on April 29, the court found the Crowleys in contempt for willful violation of the second injunction. In addition, the court ruled that, pursuant to the amended settlement agreement, Rolex was entitled to damages, including reasonable attorney's fees and expenses in the amount of $10,656.90. The district court also imposed a $15,000 sanction to compensate Rolex for the dilution of its trademark rights and damage to its goodwill, and ordered payment of the unpaid $5,000 sanction.

The Crowleys now seek to have the contempt holding, as well as the amounts of the fine, attorney's fees, and expenses, reversed.[4]

## II.

■ We review the district court's finding that the Crowleys violated the second permanent injunction for clear error. *In re Jaques,* 761 F.2d 302, 306–07 (6th Cir.1985), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 570 (1986). A contempt holding will be overturned only where the district court abused its discretion in issuing a contempt citation. *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 590 (6th Cir.1987).

■ In seeking to have the district court hold the Crowleys in civil contempt, Rolex had the burden of establishing by clear and convincing evidence that the Crowleys "violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Cincinnati Bronze,* 829 F.2d at 591. Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is "irrelevant to the validity of [a] contempt finding." *In re Jaques,* 761 F.2d at 306.

■ The Crowleys concede that Rolex proved the existence of a court order that they were aware of and violated. Nevertheless, they seek to defend against the civil contempt charge on several grounds. In order to do so, the Crowleys must produce evidence showing a present inability to comply with the court's order. *Rogers v. Webster,* 776 F.2d 607, 612 n. 6 (6th Cir.1985) (*quoting United States v. Rylander,* 460 U.S. 752, 757–58, 103 S.Ct. 1548, 1552–53, 75 L.Ed.2d 521 (1983)). However, an inability to comply is not established by "evidence or ... denials which the court finds incredible in context." *Maggio v. Zeitz,* 333 U.S. 56, 76, 68 S.Ct. 401, 411, 92 L.Ed. 476 (1948). Rather, a defendant must show "categorically and in detail" why he or she is unable to comply with the court's order. *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir.1983), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984).

■ The Crowleys' first argument is that Pat Crowley exercised no dominion or control over Laurelwood or its agents and employees after March 1993, and therefore cannot be found in contempt. The district court rejected this defense, calling Pat Crowley's testimony that her affiliation with Laurelwood ended in March of 1993 "ludicrous" in light of the fact that she agreed to comply with the second permanent injunction in May 1993.[5] The district court held that the injunction was intended to follow Pat Crowley wherever she goes, and that she is under an

---

4. Since the Crowleys' appeal was filed, Rolex has informed the court that Thomas Crowley has commenced a case under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee. On May 24, 1995, the Bankruptcy Court entered an Agreed Order Granting Relief from the Automatic Stay to allow this court to hear and decide this appeal.

5. Not only did Pat Crowley agree to comply with the injunction, but she also knew the names of Laurelwood's employees and asserted that they were aware of the injunction; stated that she would have taken all appropriate measures had anyone informed her of the violations at Laurelwood; knew Tom Crowley owned Laurelwood; equivocated in answering questions about her ownership of Laurelwood; did not know whether

obligation to abide by the agreement with respect to Laurelwood Jewelers at all times. Moreover, the district court found that compliance with the second permanent injunction was a legal obligation Pat Crowley assumed equally with Tom Crowley. The record clearly supports the district court's finding that Pat Crowley's testimony on the issue of her inability to comply with the injunction was not credible. The district court's decision is not clearly erroneous and will not be disturbed.

■ Pat Crowley also seeks to defend against the contempt finding on the ground that she was not obligated to comply with the second permanent injunction at Laurelwood. This is a legal determination that we review *de novo*. *Brown v. Neeb*, 644 F.2d 551, 557 (6th Cir.1981) (stating that "since consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically as contracts."); *FDIC v. Aetna Cas. & Sur. Co.*, 903 F.2d 1073, 1077 (6th Cir.1990) (noting that, when the district court "construe[s] a contract, such interpretation is a question of law and reviewable *de novo* by the appellate court.") (italics added). We agree with the district court, however, that by consenting to the second settlement agreement and permanent injunction, Pat Crowley agreed to comply with the restrictions on the use of Rolex trademarks at Laurelwood. Laurelwood is identified by name in the second permanent injunction, and the injunction is expressly and specifically applicable to both Crowleys. We agree with the district court's determination that the second permanent injunction is a direct, unambiguous order requiring both Crowleys to abide by its mandatory requirements.

■ The Crowleys further seek to defend on the ground that they lacked notice of the alleged violations. The Crowleys argue that Rolex did not show, by clear and convincing evidence, that they had actual or constructive knowledge of the violations, and that Rolex should have provided them with notice prior to filing its show-cause motion. We find this argument untenable as well. The Crowleys conceded that the violations at Laurelwood of the second in-

junction occurred as stated in the affidavits of three witnesses, and the district court found so as well. Under *Rogers*, 776 F.2d at 611, undenied accusations and uncontroverted affidavits generally may support a contempt adjudication. Furthermore, Rolex was only required to show that the Crowleys · had knowledge of and violated the court's order. *Cincinnati Bronze, Inc.*, 829 F.2d at 591. The Crowleys' intent in disobeying the second permanent injunction is irrelevant to the validity of the contempt finding. *In re Jaques*, 761 F.2d at 306.

In sum, Rolex established a *prima facie* case that the Crowleys were in contempt of the court's order, and the Crowleys were unable to present a valid defense in response. We hold that the district court's contempt finding was not clearly erroneous.

### III.

■ The Crowleys also claim on appeal that the compensatory sanction of $15,000 awarded to Rolex was not justified and was unreasonable. We review a district court's decision to impose sanctions for contemptuous conduct for an abuse of discretion. *Redken Lab., Inc. v. Levin*, 843 F.2d 226, 230 (6th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). A review of the record below supports the district court's decision to award Rolex $15,000. As part of the second settlement agreement, the parties agreed that $5,000 was an appropriate compensatory fine for the first contempt violation. At that time, the parties also agreed to liquidated damages of $10,000 per violation for future violations. There is no indication that the district court relied on inappropriate evidence in assessing the sanction against the Crowleys. The district court simply used an amount negotiated by the parties themselves as compensation for an earlier and similar injury to replicate the actual damages Rolex suffered due to the Crowleys' continued contemptuous conduct. That calculation does not constitute an abuse of discretion.

### IV.

■ The Crowleys' third argument on appeal is that the district court: (1) abused

the overall ownership of Laurelwood or her ownership interest in the store had changed since

May 1993; and did not know whether she still held the office of secretary of Laurelwood.

its discretion by granting a protective order preventing a discovery deposition on the issue of Rolex's attorney's fees and expenses, and (2) abused its discretion by then awarding Rolex $10,656.90 in fees and expenses. We review both the grant or denial of a protective order and an award of attorney's fees for an abuse of discretion. *Samad v. Jenkins,* 845 F.2d 660, 663 (6th Cir.1988); *Kreimes v. Dept. of Treasury,* 764 F.2d 1186, 1191 (6th Cir.1985).

■ With regard to the protective order, the Crowleys argue that the district court erred in granting Rolex a protective order regarding the deposition of Rolex's counsel, John Mulrooney. The Crowleys argue that Rolex failed to bear its burden under Fed. R.Civ.P. Rule 26(c) of showing good cause to preclude a deposition of Mulrooney. The Crowleys claim they were entitled to depose Mulrooney because his affidavit in support of Rolex's attorney's fees claim was overbroad; the Crowleys were not permitted to file countervailing affidavits; and the attorney's fees sought were excessive. We find no error in the district court's decision to grant a protective order prohibiting Mulrooney's deposition. The district court had Mulrooney's affidavit before it; the court was familiar with the proceedings in the case; and the court had the affidavit of an experienced practitioner stating that the fees and expenses request was reasonable. Any additional discovery would have been unnecessary, expensive, and inefficient. The district court did not abuse its discretion in prohibiting the discovery deposition.

■ We also find no error with regard to the district court's decision to award Rolex attorney's fees and expenses. The district court ruled that the fee-shifting provision of the second settlement agreement entitled Rolex to reasonable attorney's fees and expenses incurred in bringing and prosecuting any contempt motion. Mulrooney's affidavit described in detail the legal services performed, hours worked, and hourly rate claimed. In addition, the affidavit described in detail the services of two investigators and additional administrative expenses incurred. Moreover, an experienced practitioner submitted an affidavit stating that the amount of attorney's fees and expenses claimed was reasonable. We hold that the district court's

decision to award $10,656.90 in attorney's fees to Rolex is supported by the record and will not be disturbed.

■ We further hold that Rolex is entitled to recover attorney's fees and expenses incurred in bringing this appeal. Under the second settlement agreement, Rolex is entitled to recover all reasonable attorney's fees and expenses incurred in enforcing the second agreement and injunction. This appeal is part of the proceeding begun in the district court to do just that, and we hold that Rolex is entitled to recover any additional and reasonable attorney's fees and expenses.

### V.

The district court's judgment holding the Crowleys in civil contempt, imposing a compensatory fine, and awarding attorney's fees and expenses is AFFIRMED. In addition, the case is REMANDED for an award of reasonable attorney's fees and expenses incurred by Rolex because of this appeal.