**In re Matthew T. MULLIKIN, Debra D. Mullikin, Debtors.**

**Bankruptcy No. 98–45209–ABF–7.**

United States Bankruptcy Court, W.D. Missouri, Kansas City Division.

March 19, 1999.

Matthew T. Mullikin, Debra D. Mullikin, Pro se.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This is a routine Chapter 7 case, in which a petition preparer charged fees of $404.00. This Court has jurisdiction to disallow and to order the immediate turnover to the bankruptcy trustee of any fee found to be in excess of the value of services rendered for the documents prepared. 28 U.S.C. § 1334; 11 U.S.C. § 110(h)(2). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

## ISSUES PRESENTED

(1) Whether a maximum fee should be set for the services of a bankruptcy petition preparer for routine cases in this district and, if so, the amount of such fee.

(2) Whether, in this case, extraordinary circumstances justify a fee in excess of that maximum.

(3) Whether, in this case, the bankruptcy petition preparer provided services which justify the fee charged.

## DECISION

I find, with the approval of other members of this Court, that absent extraordinary circumstances, petition preparers in this Court should be limited to a maximum fee of $150.00. I further find that, in this case, the entire fee paid should be forfeited.

## FACTUAL BACKGROUND

The petition preparer who assisted the debtors in this case is Saundra Campbell–Graham, d/b/a Major Buck$. Ms. Campbell–Graham certified, as required by Section 110 of the Bankruptcy Code, that Major Buck$ was paid $404.00 for its services as a petition preparer. She disclosed, at the time the petition was prepared, that she charges $200.00 per debtor for providing "secretarial/typing services". The "Disclosure Statement of Fees" goes on to state that "[f]or those without access to a typewriter, we will rent a typewriter for a flat rate of $4.00 per hour."[1] In this case, the Schedules and Statement of Affairs were handwritten, not typed. The only documents which were typed were a "Quick–File Application/Letter", the referenced "Disclosure Statement of Fee's [sic]", and a "Motion to Have Hearings Held in Kansas City, Missouri".[2] Along with the petition, debtors paid $10.00 and filed an Application to pay the remaining $165.00 of the filing fee in four (4) installments over a period of approximately seven (7) weeks.[3]

After reviewing the file this Court, acting on December 8, 1998, entered an Order to Show Cause Why All or Part of the Payments to Ms. Graham Should Not Be Disgorged.[4] In her response, filed December 18, 1998,[5] Ms. Campbell–Graham stated that she had previously filed her own Chapter 7 case, which was subsequently converted to a Chapter 13, after having contacted an attorney and being told that he would charge $900.00 for the work. Thereafter, she wrote, a number of relatives, co-workers, acquaintances, and neighbors contacted her for assistance in filing their own bankruptcy cases. For that reason, she created Major Buck$ and began providing such assistance for a fee.

At the hearing, the United States Trustee offered evidence to show that in this District the normal fee charged by petition preparers is between $135.00 and $150.00, whether the petition is filed by an individual or by a married couple. In support, the United States Trustee offered into evidence a sample of 94 consumer cases filed between March 7 and March 21, 1997, which excluded two cases with business income and expenses, one case with a large products liability claim, one pro se case, and one pro bono case. The average fee charged by attorneys representing debtors in the sampled cases was $449.00. In a number of cases, attorneys charged as little as $160.00. The highest fee charged was $850.00.

In response, Ms. Campbell–Graham offered the testimony of Karen Campbell, her sister. Ms. Campbell testified that some time back she contacted several attorneys about the filing of her own bankruptcy, which involved consumer and also business debts. She was quoted rates between $1,000.00 and $2,000.00. However, she also testified that she had business debts of approximately $190,000.00. Therefore, her experience in attempting to retain counsel is not helpful in determining the value of services provided by a petition preparer in a consumer case.

1. Doc. # 9.

2. Doc. # 1.

3. Doc. # 4.

4. Doc. # 6.

5. Doc. # 8.

## DISCUSSION

■ Section 110 of the Bankruptcy Code [6] governs the responsibilities and duties of bankruptcy petition preparers in rendering services to debtors. Subsection 110(h) authorizes the disallowance of fees found to exceed the value of the services rendered by petition preparers, and states in pertinent part:

(h)(1) Within 10 days after the date of the filing of the petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

(2) The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared. An individual debtor may exempt any funds so recovered under section 522(b).[7]

■ Congress enacted section 110 in response to the proliferation of bankruptcy petition preparers nationwide. As stated in the legislative history of section 110:

While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons ignorant of their rights both inside and outside the bankruptcy system.[8]

Bankruptcy petition preparers are not attorneys, and are not authorized to practice law. Specifically, the bankruptcy petition preparer may not instruct or advise the debtor[s]:

(i) Whether to file a bankruptcy petition;

(ii) Under which chapter of the Bankruptcy Code to file the voluntary petition;

(iii) How to respond to the bankruptcy forms required in connection with the filing of the bankruptcy case;

(iv) What exemptions should be claimed;

(v) Whether any particular debts are dischargeable or nondischargeable;

(vi) The effect of a bankruptcy filing upon a foreclosure and whether the debtor(s) may keep a home;

(vii) Whether the debtor(s) may avoid or eliminate any liens or recover any assets in connection with the bankruptcy case;

(viii) Whether the debtor(s) may redeem property;

(ix) Whether the debtor(s) may or should reaffirm any debts;

(x) Whether the debtor(s) is entitled to a discharge under the Bankruptcy Code, and what defenses the debtor may have to an objection to discharge; and

(xi) Concerning the tax consequences of any aspect of the bankruptcy case.[9]

■ The work which a petition preparer may do is simply to type forms and file documents. That work is certainly not worth $404.00, given the evidence that qualified attorneys are prepared to do such work for significantly less. In this district, the evidence shows, the average fee is between $135.00 and $150.00 for petition preparers. And, some attorneys, who are qualified to provide the advice and counsel which petition preparers are not qualified to provide, charge as little as $160.00. Accordingly, we find that, absent special or extraordinary circumstances, petition preparers may not charge in excess of $150.00 for their services, including any and all expenses such as photocopying, messenger or courier services, postage, telephone, etc.

---

6. 11 U.S.C. § 110.

7. 11 U.S.C. § 110(h).

8. H.R. Rep. 103–834, 103rd Cong. 2nd Sess. 40–41 (Oct. 4, 1994); 140 Cong. Rec. H10770 (Oct. 4, 1994), as cited in *In re Agyekum*, 225 B.R. at 695, 701 (9th Cir. BAP 1998).

9. See, Bankruptcy Petition Preparer Guidelines, United States Bankruptcy Court for the Northern District of California, as referenced in *In re Agyekum*, 225 B.R. 695 (9th Cir. BAP 1998).

754

■ The next issue is whether this case presents special or extraordinary circumstances justifying a fee in excess of $150.00. Ms. Campbell–Graham argued at the hearing that the fee of $404.00 was reasonable because there were 28 creditors listed in the case, which is apparently more than had been involved in other cases prepared by her. Therefore, she argued, she incurred additional time and expenses in preparing the petition. But 28 creditors is not an unusually high number in this District. This was an ordinary Chapter 7 filing, and no reasonable justification was offered for charging an extraordinary fee.

■ The final issue is whether Ms. Campbell–Graham earned the fee of $150.00. As stated, Ms. Campbell–Graham notified the debtors that she was charging $400.00 for "secretarial/typing services". Then, she charged an additional $4.00 per hour for renting a typewriter since the debtors apparently did not have access to one. If she was charging the debtors $4.00 for use of her typewriter, the question is what she did for the $400.00 charged for "secretarial/typing services." As stated, the schedules and statements of affairs were not typed. And, the Schedules themselves were erroneous. For example, the Summary of Schedules shows total secured debt of $3,082.93, but Schedule "A" shows that debtors owned a residence subject to a secured claim in favor of an unnamed creditor in the amount of $57,000.00. While Ms. Campbell–Graham cannot advise debtors whether a claim is secured or unsecured, she should have made certain that the summary agreed with the schedules.[10] And, the original filing was deficient because it did not contain an original signature for Ms. Campbell–Graham, as petition preparer. Nor did she file with the petition a master matrix in the proper format. As shown, Ms. Campbell–Graham is prohibited from advising the debtors as to their case. And though she charged for typing services, she did not type the bulk of the

documents submitted by the Mullikins to the Court. I find that she did not earn the fee charged, and that the fee should be returned to the debtors' estate.

Based upon the above and foregoing, Ms. Campbell–Graham should turn over to the bankruptcy trustee the sum of $404.00, subject to any claim of exemption which the debtors are entitled to make as to such funds. An Order in accordance with this Memorandum Opinion will be entered this date.

---

10. Other obvious errors relate to the classification of debt. For example, Schedule "D" shows that "General Motors" holds a secured claim relating to an automobile that was repossessed. Schedule "D" also shows an automobile loan from Nationsbank, yet Schedule "G" shows that the debtor is party to an executory contract with Nationsbank relating apparently to the same vehicle. Since Ms. Campbell–Graham is not authorized to advise debtors as to classification of their claims, I assume these errors are attributable to debtors, and not to advice given by her.