In re Carlos A. MORRISON, Debtor.

Bankruptcy No. 98–50848.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

March 31, 1999.

---

William L. Voorhies, Platte Woods, MO, for debtor.

### *MEMORANDUM OPINION AND ORDER*

JERRY W. VENTERS, Bankruptcy Judge.

William L. Voorhies, the attorney for the Debtor, has filed an Application seeking the Court's approval for $2,497.50 in attorney's fees in these Chapter 7 proceedings. The United States Trustee has filed Objections to the fee request. For the reasons set out below, the Court will approve a total of

$1,500.00 in attorney's fees for Voorhies in this Chapter 7 case and in the converted Chapter 13 proceeding, and will direct the attorney to disgorge the balance of his $3,000.00 retainer fee.

## FACTUAL BACKGROUND

This is a relatively uncomplicated Chapter 7 case. However, the file is replete with delays, missed filing dates, and missed meetings and hearings, most of which can be laid at the feet of Voorhies or the Debtor and which suggest that Voorhies has given this case less than his full attention or best efforts.

Voorhies filed an emergency Chapter 7 for the Debtor on October 13, 1998, because a foreclosure was scheduled to take place later that day on the Debtor's property. He filed a two-paragraph Application to permit the emergency filing, along with the basic Petition and the other documents required by the Local Rules for a "quick file" case. Local Rule 1002–2. Voorhies also filed a one-page application requesting that the case be transferred from the St. Joseph Division of this Court to the Western (Kansas City) Division, and that request was granted.

Pursuant to the Local Rules, the Debtor's full schedules and statement of affairs were to be filed by October 28, 1998. They were not timely filed. The Court issued an Order to Show Cause on November 4, 1998, and the schedules and statement of affairs were filed two days later, on November 6. The § 341 meeting of creditors was scheduled for November 23, 1998, but the Debtor failed to attend, though Voorhies was present. The Court then issued an Order directing the Debtor to appear for a continued § 341 meeting, which the Debtor did attend.

Two Motions for Relief were filed. One of the motions sought relief from the automatic stay of § 362 of the Bankruptcy Code (11 U.S.C. § 362) so that a creditor could pursue a materialman's lien action in the Kansas state courts with respect to care the creditor claimed to have provided for an Arabian horse belonging to the Debtor. The second motion was filed by a creditor who claimed a security interest in an Arabian horse (which was listed in the Debtor's schedules) and in an Akita dog (which was not listed in the schedules). Apparently, the Arabian horse which was the subject of the two Motions for Relief was one and the same horse, inasmuch as the Debtor listed only one Arabian horse in her schedules. This second creditor claimed that it had not initially been listed on the Debtor's mailing matrix and thus had received belated notice of the bankruptcy proceeding. This creditor also asserted that the Debtor had failed to list the creditor's junior security interest in the Debtor's real estate and stated that it intended to file a dischargeability action on grounds the Debtor had failed to honestly list all of her assets in her bankruptcy schedules. Voorhies filed a single, one-page response to these two motions objecting to the granting of the relief requested and stating that the parties "are attempting to work toward an agreeable resolution." The response did not respond to the merits of the motions.

On the scheduled hearing date on the Motions for Relief, the Debtor failed to appear and Voorhies requested a continuance on grounds that one of the Debtor's children had a medical problem. (Interestingly, the Debtor's Schedule I listed no minor children and stated that the Debtor had no dependents.) The Court granted the requested continuance as to one of the motions but proceeded with the hearing on the second motion because of the emergency nature of the relief being requested (involving the care of the Arabian horse). The relief requested by the creditor was granted at that time. On the date set for the continued hearing on the remaining Motion for Relief, Voorhies and the Debtor did not appear. Counsel for the creditor advised the Court that the parties had not reached a resolution of their differences, and the Court granted the relief requested by the creditor.

Prior to this continued hearing, Voorhies filed his fee application requesting the Court's approval for fees totaling $2,497.50. A hearing was scheduled on February 16, 1999, but on February 11, 1999, Voorhies filed a "Notice of Engaged Counsel" stating that he was scheduled in a state court trial on February 16 and requesting that the hearing on his application be continued. He

did not submit a proposed continuance order for the Court until prompted by the Clerk to do so. On March 16, 1999, Voorhies appeared for the hearing on his fee application and advised the Court that he and the U.S. Trustee had reached an agreement on his fees in the amount of $2,000.00. The Court stated that it would not approve that agreement based on its review of the file and the history of the case and proceeded with the hearing.

Voorhies told the Court that he had insisted on being paid $3,000.00 in fees by the Debtor in this case because he had represented the Debtor in a prior bankruptcy and he knew that the case would require a lot of time with the client. Otherwise, Voorhies had no explanation or reasons for charging the Debtor $3,000.00.

Prior to this hearing, Voorhies had filed a motion to convert the Chapter 7 proceeding to a proceeding under Chapter 13 of the Bankruptcy Code, and the Court entered an Order on March 1, 1999, ordering the conversion. 11 U.S.C. § 1307(a). Under Local Rule 1019–1, a debtor is required to file new or amended schedules within 10 days of the entry of an order converting a case from one chapter to another, or file a verified statement that the original schedules and statement of affairs remain accurate. Thus, the Debtor's new or amended schedules or verified statement were due by March 10, 1999, but as of March 16, 1999, they had not been filed.[1]

The itemization of legal services attached to Voorhies' application contained the barest of descriptions of the services he had provided. They disclosed that Voorhies spent 4.5 hours on October 13 meeting with the Debtor and in preparing pleadings, apparently for the "quick file" Chapter 7, including 1.5 hours for travel time and a Court appearance, although no Court appearance is required in this District for the filing of a "quick file" proceeding. Voorhies billed his services to the Debtor at a rate of $225.00 an hour. Thus, simply getting the "quick file" case filed resulted in charges of $1,012.50. The itemization showed that a paralegal spent 4.5 hours in preparing pleadings (presumably the schedules and statement of affairs) at the rate of $40.00 an hour. Voorhies charged the Debtor $562.50 (2.5 hours) for attending the § 341 meeting of creditors.

### DISCUSSION

The Court is vested by the Bankruptcy Code with the authority and discretion to determine the reasonableness of the fees charged by attorneys representing debtors (as well as trustees) in bankruptcy proceedings. 11 U.S.C. §§ 329, 330. Section 329(a) requires an attorney representing a debtor in a bankruptcy proceeding to file a statement with the Court (which Voorhies did in this case) disclosing the amount of compensation paid or agreed to be paid by the debtor for services to be provided in the case and the source of that compensation. Section 329(b) further provides:

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive to—
>
> > (1) the estate, if the property transferred—
> >
> > (A) would have been property of the estate; or
> >
> > (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> >
> > (2) the entity that made such payment.

11 U.S.C. § 329(b).

Likewise, § 330 provides that the Court may award to a professional person employed under § 327 (such as an attorney employed by a trustee) "reasonable compensation for actual, necessary services" ren-

---

1. The Debtor's conversion schedules and statement of affairs were tardily filed on March 17, 1999, and are deficient in numerous respects. For example, the Summary of Schedules lists no amounts (all columns show zeroes), Schedule D does not list the dates debts were incurred and does not identify the collateral for one debt of over $69,000.00, Schedule F does not list the dates debts were incurred or the consideration for those debts, etc. The incompleteness of these conversion schedules reinforces the Court's impression that Voorhies has not given this case his full attention or efforts.

dered by the professional person, plus reimbursement for actual, necessary expenses. However, § 330(a)(2) provides that the Court, on its own motion or on the motion of the U.S. Trustee or a party in interest, may award compensation "that is less than the amount of compensation that is requested." In other words, the Court has the responsibility as well as the authority to determine the amount of compensation that is reasonable for a debtor to pay for the legal services rendered in a bankruptcy proceeding. *Carter v. Woods (In re Carter )*, 433 F.Supp. 291, 293–94 (W.D.Mo.1977).

Section 330(a)(3) directs the Court, in determining the amount of reasonable compensation to be awarded, to "consider the nature, the extent, and the value of such services," taking into account all relevant factors, including:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The Rules of Professional Conduct promulgated by the Missouri Supreme Court, which govern the conduct of attorneys in the State of Missouri, similarly require that an attorney's fees be reasonable and set out several factors that are to be considered in determining the reasonableness of a lawyer's fees:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Mo.Sup.Ct.R. 4–1.5.

In the Eighth Circuit, bankruptcy courts are expected to use the lodestar approach in calculating reasonable compensation under § 330(a) unless the lodestar approach is not appropriate under the circumstances. *In re Kula,* 213 B.R. 729, 737 (8th Cir. BAP 1997); *In re Apex Oil Co.,* 960 F.2d 728, 732 (8th Cir.1992). The lodestar amount is determined by multiplying the number of hours reasonably expended in a case by a reasonable hourly rate. The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and expertise of counsel, the quality of representation, and the results obtained. Only in rare and exceptional circumstances, supported by specific evidence on the record, is an upward adjustment of the lodestar amount warranted. *Apex Oil,* 960 F.2d at 732. *See also,* Arnold M. Quittner, *Employment and Compensation of Appointed Professionals,* 688 PLI/Comm. 445, 681–82 (1994).

The Court believes that the lodestar approach is appropriate here. Applying the lodestar analysis, Voorhies states that he has worked 10.30 hours in the Chapter 7 case and that a paralegal worked 4.50 hours in preparing pleadings. Voorhies has billed his time at $225.00 an hour and the paralegal's time at $40.00 an hour. As previously noted, Voorhies has charged the Debtor $1,012.50 just for his initial conference with the Debtor and for preparing and filing the necessary documents to file a "quick file" Chapter 7.

This amount is, in my view, excessive. He charged $562.50 for attending the § 341 meeting of creditors, also an excessive amount. Moreover, this was not a complicated case and did not require any unusual or extraordinary skill on the attorney's part. Two routine Motions for Relief were filed; Voorhies filed a one-page response as a combined answer to the two Motions in which he did not even address the merits of the Motions. Subsequently, one of the Motions was granted after a brief hearing which the Debtor failed to attend and the second Motion was granted essentially by default when the Debtor and Voorhies both failed to attend the continued hearing. On several occasions, either the Debtor or Voorhies failed to appear for scheduled hearings, and schedules and statements of affairs have not been timely filed. Finally, Voorhies' representation has not resulted in the Debtor's obtaining a complete discharge of all her debts in the Chapter 7, which is the goal of such proceedings for the debtor.

■ Now, Voorhies has filed a Motion to convert the Chapter 7 case to Chapter 13, and has disclosed that he is charging the Debtor $1,500.00 in fees for the Chapter 13, although the Court is advised that the $1,500.00 is to be paid from the $3,000.00 retainer previously paid to Voorhies by the Debtor. The Court can see no justification for such an additional fee, when apparently all that will be required will be the preparation of a Chapter 13 Plan and perhaps new schedules. (New schedules, though incomplete, have been filed; see footnote 1.) Accordingly, the Court will allow Voorhies $500.00 for his fees in the Chapter 13 proceeding, subject to a further award (upon application by Voorhies) if there are complications in the case.

■ In *In re Ross*, Case No. 97–50072 (Bankr.W.D.Mo. December 30, 1997)(Federman, J.)(unpublished), Honorable Arthur B. Federman of this Court found that an hourly rate of more than $125.00 an hour is outside the norm for attorneys filing Chapter 7 cases in this area. I, too, believe that to be the case, and therefore I find that the $225.00 per hour charged by Voorhies is unreasonable, and that the maximum fee that should be allowed is $125.00 per hour. In another case, Judge Federman found, from a sampling of 94 consumer (Chapter 7) bankruptcy cases filed in this Court in 1997, that the highest fee charged was $850.00 and that the average attorney's fee in the sampled cases was $449.00. *In re Mullikin*, 231 B.R. 750 (Bkrtcy.W.D.Mo.1999). The fee for which Voorhies seeks approval in this case is more than five times that average amount. Even taking into account some reasonable increase for inflation since 1997, Voorhies' requested fees still are excessive.[2]

This Court firmly believes that bankruptcy attorneys should be fairly and adequately compensated for their services. From recent personal experience in private practice, I am aware that the bankruptcy practice can be difficult and that, in many instances, it is difficult for debtors to pay their attorneys the fees that have been rightfully earned. At the same time, a lawyer has a legal, ethical and moral duty to vigorously represent a client, regardless of whether the full legal fees are paid. (Mo.Sup.Ct.R. 4–1.3: "A lawyer shall act with reasonable diligence and promptness in representing a client."). I expect attorneys representing debtors in this Court to provide diligent representation and competent legal services at a fair and reasonable rate, and if they do so, this Court will have no hesitancy in approving their fee applications. However, in this case, Voorhies has fallen short of the mark.

■ For the foregoing reasons, the Court concludes that an appropriate hourly rate in this case is $125.00 an hour, that a reasonable amount of time to expend on this uncomplicated case was six to eight hours of legal time plus the paralegal's time in pre-

---

**2.** This Court has, at least impliedly, recognized that $1,000.00 is a reasonable fee in a Chapter 7 case. Our Local Rule 2016–1 provides that, if an attorney's total fee in a case is $1,000.00 or less, the disclosure of the fee in the initial filings is sufficient and it is unnecessary to file an itemized application. However, when the fee sought is in excess of $1,000.00, an application must be filed, accompanied by an itemization of the services rendered. The Rule also requires that notice of such an application be served on all creditors, which Voorhies has not done in this case.

paring schedules, and that therefore Voorhies is entitled to a fee of $1,000.00 for representing the Debtor in her Chapter 7 proceedings.

■ The U.S. Trustee has suggested that the Court, if it orders Voorhies to disgorge any portion of his fees, to direct that the disgorged amount be paid over to the Debtor's employer because it is believed that the money paid to Voorhies was borrowed from the employer. The Bankruptcy Code authorizes the Court to order that any disgorged fees be paid to the entity that made such payment. 11 U.S.C. § 329(b)(2). However, the Court has nothing before it to indicate that the Debtor's employer did, in fact, pay the Debtor's fees. The Rule 1016–1 statement filed with the Court indicates that the source of funds for the legal fees was the Debtor's own wages and earnings. Though the Debtor's employer is listed as an unsecured creditor for $3,000.00 (the same amount as the retainer fee paid to Voorhies) for a loan obtained in October 1998 (the same month the bankruptcy petition was filed), the schedule indicates that the loan was used "[t]o pay bills." Therefore, the Court does not believe it would be justified in ordering the disgorged fees to be paid to the employer; rather, they will be ordered to be paid to the Chapter 13 Trustee, subject to any valid exemptions which the Debtor may claim.

Accordingly, it is

**ORDERED** that Voorhies' application for fees is approved to the extent of $1,000.00 for his representation of the Debtor in her Chapter 7 proceedings and is denied as to all requests for fees in excess of that amount. Voorhies shall be allowed a fee of $500.00 for representing the Debtor in her Chapter 13 case. Voorhies is hereby directed to disgorge the sum of $1,500.00 which he received from the Debtor and pay the same over to the Chapter 13 Trustee within 10 days of the date of this Order.