**In re Sherelle M. WALKER, Debtor.**

**No. 00–13006.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 26, 2001.

---

Dean Wyman, Office of the U.S. Trustee, Cleveland, OH, for the United States Trustee.

*MEMORANDUM OF OPINION FIND-
ING LEON BOYD IN CIVIL CON-
TEMPT AND IMPOSING SANC-
TIONS*

PAT E. MORGENSTERN–CLARREN,
Bankruptcy Judge.

Leon Boyd, who is not a lawyer, pre-
pared a bankruptcy petition for the Debtor
Sherelle Walker. In doing so, Mr. Boyd
did not comply with the requirements of 11
U.S.C. § 110, which sets out both the rules
a petition preparer must follow and some
of the consequences for failing to do so.
As a result, on motion of the United States
Trustee (the "UST"), the Court ordered
Mr. Boyd to refund fees to the debtor and
to pay a $500 fine. (Docket 13, 17). The
UST now asks that Mr. Boyd be held in
civil contempt for his failure to pay the
fine. (Docket 21, 23).[1] The Court held a
hearing on this issue on December 6, 2000.
Because Mr. Boyd knew about the court
order and violated it, and because he has
not shown an inability to comply, he is in
civil contempt of this Court and will be
fined further, as discussed below.

## JURISDICTION

The Court has jurisdiction to determine
this matter under 28 U.S.C. § 1334 and
General Order No. 84 entered on July 16,
1984 by the United States District Court
for the Northern District of Ohio. This is
a core proceeding under 28 U.S.C.
§ 157(b)(2).

## BACKGROUND
### The September 21, 2000 Order
### to Disgorge Fees and
### Pay Fine

Sherelle Walker filed a Chapter 7 peti-
tion which had been prepared by Leon
Boyd. (Docket 1). The UST moved to
cancel Ms. Walker's fee agreement with
Mr. Boyd, to require him to refund fees to

1. Mr. Boyd apparently has not refunded the
 fees to Ms. Walker either. At the hearing, the
 United States Trustee reserved that issue for
 another day.

her, and to impose a fine on the ground
that Mr. Boyd did not follow the require-
ments for bankruptcy petition preparers
stated in Bankruptcy Code § 110 "Penalty
for persons who negligently or fraudulent-
ly prepare bankruptcy petitions." (Docket
13). 11 U.S.C. § 110.

Congress added § 110 to the Code in
1994 to address the growing number of
non-lawyers who were offering consumers
unregulated bankruptcy services and en-
gaging in the unauthorized practice of law.
*See In re Guttierez,* 248 B.R. 287 (Bankr.
W.D.Tex.2000); *Moore v. Jencks (In re
Moore),* 232 B.R. 1 at n. 10 (Bankr.D.Me.
1999). The new Code section regulates
the activities of individuals, other than law-
yers and their employees, who are paid to
prepare documents for filing by a debtor.
11 U.S.C. §§ 110(a)(1) and (2). One of the
underlying purposes of this law is to pro-
tect consumers with financial problems
from fraud and abuse by such preparers.
S.Rep. No. 103–168, at 51 (1993). While
Congress felt it was appropriate for peti-
tion preparers to assist debtors with a
ministerial act such as typing, Congress
rejected the notion that the preparers may
go beyond that to give legal advice and
services to debtors because:

> [t]hese preparers often lack the neces-
> sary legal training and ethics regulation
> to provide such services in [an] adequate
> and appropriate manner. These ser-
> vices may take unfair advantage of per-
> sons who are ignorant of their rights
> both inside and outside the bankruptcy
> system.

H.R.Rep. No. 103–835 (1994), *reprinted in*
1994 U.S.C.C.A.N. 3340, 3365. *See In re
Mullikin,* 231 B.R. 750 (Bankr.W.D.Mo.
1999). The legislation restricts the kinds
of activities that a petition preparer can
perform, as well as the manner in which a
preparer may collect fees for the services
undertaken.[2]

2. One court has pointed out that the term
 "petition preparer" is unfortunate, as it may
 connote a broader role than that authorized

In this case, the UST alleged that Mr. Boyd did not comply with §§ 110(g)(1) and (h)(1), which provide:

(g)(1) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

\* \* \*

(h)(1) Within 10 days after the date of the filing of the petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

The remedy for violating § 110(g)(1) is a fine of not more than $500 for each violation. 11 U.S.C. § 110(g)(2). The remedy for violating § 110(h)(1) is to disallow and order turnover of any fee exceeding the value of the services rendered. 11 U.S.C. § 110(h)(2).

After notice to Mr. Boyd and a hearing at which he did not appear, the Court found that Mr. Boyd (1) was a bankruptcy petition preparer, by his own admission on the petition; (2) who failed to file the fee disclosure required by § 110(h)(1); and (3) also violated § 110(g)(1) because he received court fees in connection with the case filing.[3]

The Court then entered an Order on September 21, 2000 which required Mr. Boyd to refund $400 in fees to Ms. Walker and to pay a $500 fine to the Clerk of Courts (the "Order"). (Docket 17). The Order stayed enforcement of the fine for thirty days to give Mr. Boyd the opportunity to show that he did not have the financial resources to pay it. Mr. Boyd did not file anything in response and has not paid the $500 fine. This motion to hold Mr. Boyd in contempt of court followed.

### DISCUSSION

■ The bankruptcy court's contempt powers flow from Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders. 11 U.S.C. § 105(a);[4] *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278 (9th Cir. 1996); *Koehler v. Grant*, 213 B.R. 567 (8th Cir. BAP 1997). *See also Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 n. 1 (6th Cir.2000); *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir.1996). Contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). The notice requirements are set out in Bankruptcy Rule 9020. *Koehler.* In addressing a contempt request, a court must consider three issues: (1) did the respondent receive appropriate notice of the alleged contempt; (2) did the acts or failures to act constitute contempt of court; and (3) if so, what is the appropriate consequence.

### I.

#### Notice of the Alleged Contempt

The preliminary question is whether Mr. Boyd received appropriate notice of the contempt hearing. On November 7, 2000, the Court issued an order setting a hearing for December 6, 2000 at 8:30 a.m. on the UST's request to find Mr. Boyd in contempt. The hearing order, which was

---

by Congress. *In re Guttierez*, 248 B.R. at 298, n. 28.

**3.** The Court notes based on the hearing statements that Mr. Boyd was also ordered to refund fees under § 110 to debtors in two other cases in this district.

**4.** Section 105 states in part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

served on Mr. Boyd by the Clerk's office, referenced Bankruptcy Rule 9020, provided the courtroom location, identified the alleged contempt as civil, and stated that the UST alleged that Mr. Boyd had not complied with the Order which required a refund to the Debtor and payment of a fine. (Docket 21, 23). In addition to this formal notice, UST representatives sent correspondence to Mr. Boyd and left him telephone messages at his last known residence to remind him of the contempt hearing. Nevertheless, Mr. Boyd did not attend that hearing.

Bankruptcy Rule 9020 provides that contempt committed outside of the presence of a bankruptcy judge shall be determined only after notice on hearing. FED. R.BANKR.P. 9020. The notice is required to:

1. be in writing;
2. state the essential facts constituting the alleged contempt;
3. specify if the contempt is civil or criminal; and
4. state the time and place of the hearing.

Additionally, the person charged with the contempt must be given a reasonable amount of time in which to prepare a defense to the charge. *Id.*

The Court finds that Mr. Boyd was given written notice that complies with this Rule and that he was afforded a reasonable time to prepare his defense. The procedural requirements of Rule 9020 have, therefore, been met.

## II.

### *The Acts of Alleged Contempt*

The next issue is whether Mr. Boyd's actions constitute civil contempt of court. "The primary purpose of a civil contempt order is to 'compel obedience to a court order and compensate for injuries caused by non-compliance'." *McMahan & Co. v. Po Folks, Inc.,* 206 F.3d 627, 634 (6th Cir.2000) (quoting *TWM Manuf. Co. v. Dura Corp.,* 722 F.2d 1261, 1273 (6th Cir.1983)).[5] "Compensatory contempt orders compensate the party harmed by the other party's contemptuous actions; coercive orders seek to cajole the party in contempt to act in the manner desired by the court." *Consolidated Rail Corp. v. Yashinsky,* 170 F.3d 591, 595 (6th Cir. 1999).

The party alleging contempt has the "burden of establishing by clear and convincing evidence that [the respondent] 'violated a definite and specific order of the court requiring [him or her] to perform or refrain from performing a particular act or acts with knowledge of the court's order'." *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir.1996) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir.1987)). Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant. *Id.*

The respondent may defend by showing an inability to comply with the order. *Glover v. Johnson,* 138 F.3d 229 (6th Cir.1998). This must be established "categorically and in detail." *Rolex Watch U.S.A., Inc.,* 74 F.3d at 720 (quoting *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir.1983)).

In this case, the UST proved that Mr. Boyd had knowledge of the Order based on the Court's service of the Order on Mr. Boyd at the time it was entered and the Court's service on Mr. Boyd of the hearing order, together with the correspondence and telephone calls initiated by the UST. The terms of the Order are definite and specific and require the payment of a $500 fine to the Clerk, among other things. The time to pay the fine has come and gone and Mr. Boyd has not paid

---

5. Criminal contempt sanctions, on the other hand, are "imposed to vindicate the authority of the court by punishing past acts of disobedience." *Downey v. Clauder,* 30 F.3d 681, 685 (6th Cir.1994).

498

it, which establishes that the Order was violated. Mr. Boyd did not present any evidence that he was unable to comply with the Order, having been given a chance to do so both at the time the Order was entered and at the contempt hearing. The UST has, therefore, proven by clear and convincing evidence that Mr. Boyd is in contempt of this Court for failure to comply with the Order.

## III.

### *The Contempt Sanctions*

 Once the contempt is established, the remaining issue is the appropriate consequence to the contemnor. In keeping with the two purposes of civil contempt, there are two kinds of civil fines that may be imposed. One kind is intended to compensate for damages caused by the contemnor's noncompliance. A fine of this kind must be based on evidence of actual loss. *United States v. Bayshore Assocs., Inc.,* 934 F.2d 1391 (6th Cir.1991). The second kind of fine is "payable to the court, but the [contemnor] can avoid paying the 'fine' by performing the act required by the court's order'." *Id.* at 1400 (quoting *Roe v. Operation Rescue,* 919 F.2d 857, 868 (3d Cir.1990)). To determine what monetary sanctions are appropriate, "[t]he magnitude of the sanctions imposed should be assessed by weighing the harm caused by noncompliance, 'and the probable effectiveness of any suggested sanction in bringing about the result desired'." *Glover v. Johnson,* 199 F.3d 310, 312 (6th Cir.1999) (quoting *United States v. United Mine Workers,* 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

 As a sanction for Mr. Boyd's contemptuous acts, the UST requests a coercive order imposing an additional fine of $10 a day to encourage him to comply with the Order. A "per diem fine imposed for each day that a contemnor fails to comply with an affirmative court order … exert[s] a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged." *Bagwell,* 512 U.S. at 829, 114 S.Ct. 2552. In deciding what amount will accomplish that goal, the Court finds that the totality of the circumstances should be considered, including these factors:

1. The type of actions that led to the issuance of the Order, and the consequences of non-compliance with the Order;

2. The reasons advanced by the contemnor for non-compliance with the Order, including any reliance on the advice of counsel and any good faith issues, even if those factors do not serve as a defense to the contempt charge; [6]

3. Whether the contemnor expresses an intention to promptly comply with the Order;

4. The amount of time that has elapsed since the Order was entered; and

5. The contemnor's financial circumstances.

 Mr. Boyd has not presented any arguments or evidence on any of these points. More than four months have elapsed without compliance with the Court's Order. The Court assumes from that silence that Mr. Boyd does not yet appreciate the gravity of his actions that led to the issuance of the Order or the necessity of complying with it. Under these circumstances, the Court finds that an additional fine of $10 a day will be effective in compelling Mr. Boyd to pay the fine required by the Order.

### *CONCLUSION*

For the reasons stated, the United States Trustee's request for a finding of civil contempt is granted. Leon Boyd is adjudged to be in civil contempt of this Court because he failed to comply with the term of the September 21, 2000 Order that required payment of the $500 fine and he

6. *See TWM Mfg. Co. v. Dura Corp.,* 722 F.2d 1261, 1273 (6th Cir.1983).

is now required to pay an additional fine in the amount of $10 for each day that he fails to pay the original $500 fine. The additional fine will be imposed starting with the tenth day after the date on which this order is entered, unless within that time period Mr. Boyd pays the original $500 fine to the Clerk of the United States Bankruptcy Court for the Northern District of Ohio at Cleveland.