Adolph KARAFIAT; Joseph Bayura, Plaintiffs–Appellants,

v.

Michael O'MALLY, et al., Defendants–Appellees.

No. 02–3992.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

## *ORDER*

Adolph Karafiat and Joseph Bayura, proceeding pro se, appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983, the Commerce Clause of the United States Constitution, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, the plaintiffs sued numerous defendants, including the City of Cleveland, the Cleveland Housing Inspectors, the Cleveland

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Electrical Inspectors, the Cleveland Heating/Air Conditioning Inspectors, the Cleveland Plumbing Inspectors, the Cleveland Safety Inspectors, the Cleveland Police Department, the Cleveland Fire Department, the Cleveland Safety Directors, the Cleveland Auto–Theft unit of the Cleveland Police Department, the Cleveland Health Department, the Cleveland Building Inspectors, Mike Couna, Michael O'Mally, and the City Inspector (Sempsien). The plaintiffs appear to have claimed that: 1) the defendants violated their Fourth Amendment rights when the defendants "raided" their personal residences and their place of business without a search warrant and without probable cause; and 2) the defendants retaliated against them by conducting a second raid of their business after they filed an appeal in an unidentified case. Upon review, the district court concluded that the plaintiffs did not state a claim upon which relief could be granted, and it dismissed the complaint pursuant to 28 U.S.C. § 1915(e).

The plaintiffs have filed a timely appeal, essentially reasserting their claims. The plaintiffs argue that the district court improperly dismissed their complaint prior to discovery. They have also filed a motion to proceed in forma pauperis.

■ Upon review, we conclude that the district court properly determined that the plaintiffs have not stated a cognizable claim against any of the defendants. This court reviews de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim

that would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998).

The plaintiffs do not mention any of the named defendants, except O'Mally, in the body of their complaint. They simply did not present any allegations to reflect the manner in which the defendants violated their rights, or how the defendants were involved in the alleged improper conduct. Hence, their claims are simply too vague and conclusory to support a claim under § 1983. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

■ Moreover, the district court properly dismissed the plaintiffs' complaint against the City of Cleveland, the Cleveland Police Department, and the Cleveland–Auto–Theft unit of the Cleveland Police Department because the plaintiffs' claims are based on these defendants' employment of individuals who may have violated the plaintiffs' rights. However, when a § 1983 claim is brought against a municipality, two distinct issues must be analyzed: 1) whether the plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the city is responsible for that violation. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). A city is responsible for a constitutional violation where a plaintiff shows that a municipal custom or policy caused the alleged violation. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, these defendants cannot be held responsible for any constitutional deprivation, because the plaintiffs have not alleged that a custom or policy was the cause of any constitutional deprivation. Hence, the district court properly dismissed the complaint against these defendants.

■ We also conclude that the plaintiffs failed to state a claim against defendant O'Mally. The plaintiffs alleged that they questioned one of the officers about the legitimacy of the raids, and that the officer responded that it was "O'Mally's deal." The plaintiffs did not present any other allegations concerning O'Mally's involvement. Hence, it appears that they sued him based on a possible supervisory role. However, the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see id.* at 691–95, unless it is shown that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *See Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). The plaintiffs did not allege that O'Mally actively participated in or authorized the challenged conduct. Hence, the plaintiffs failed to state a claim for relief against this defendant.

■ The plaintiffs' argument that the district court improperly dismissed the complaint prior to discovery also lacks merit. *See Bill Call Ford. Inc. v. Ford Motor Co.,* 48 F.3d 201, 209 (6th Cir.1995). Because the plaintiffs have not stated a cognizable claim, discovery was unnecessary and would have been inefficient. *See Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 721–22 (6th Cir.1996).

Accordingly, we deny the motion to proceed in forma pauperis and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.