**In re ARKIN–MEDO, INC., Debtor.**

**Bankruptcy No. 83 B 10792 (EJR).**

United States Bankruptcy Court, S.D. New York.

Nov. 7, 1984.

Shea & Gould, New York City, for Parker Brothers.

Traub, Bonacquist & Yellen, New York City, for Committee of Unsecured Creditors.

Braverman & Rosen, New York City, for debtor.

## DECISION ON MOTION SEEKING RELIEF FROM RULE 2004 ORDER

EDWARD J. RYAN, Bankruptcy Judge.

On May 31, 1983, Arkin-Medo, Inc. (debtor) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq. (1982). The debtor

continued to operate its business as debtor-in-possession. On June 8, 1983, the United States Trustee appointed a committee of unsecured creditors (Committee) pursuant to 11 U.S.C. § 1102(a)(1). Of these unsecured creditors, Parker Brothers Division of Creative Products, Inc. (Parker Brothers) holds one of the largest of a number of disputed claims, for an amount in excess of $1,600,000. This claim is based upon a guarantee allegedly given to Parker Brothers by the debtor, arising out of goods sold by Parker Brothers to Straitline Marketing, Inc. (Straitline), a wholly-owned subsidiary of the debtor, now in Chapter 7.

This guarantee, together with guarantees held by other unsecured creditors whose claims are disputed, was signed by an individual who the debtor claims was neither an officer nor a director of the debtor at any relevant time, and had no authority to execute such guarantees.

By application dated December 9, 1983, the Committee sought an order authorizing examinations of the disputed claimants, including Parker Brothers, pursuant to Bankruptcy Rule 2004. The order was granted by this court on December 15, 1983. On January 12, 1983, the Clerk of the Court issued a subpoena duces tecum directed to Parker Brothers, which was mailed to their principal office in Beverly, Massachusetts. Parker Brothers then informed the Committee that it would not appear for the examination, whereupon the Committee served a new subpoena by hand on Parker Brothers at its offices in New York City on February 2, 1984. A copy of the subpoena was served at Parker Brothers' Massachusetts office, and a witness fee was tendered to Parker Brothers at that time.

Upon notice of motion and application dated February 2, 1984 and upon hearing held February 8, 1984, Parker Brothers now seeks relief from the court's order of December 15, 1983 authorizing the Committee to examine Parker Brothers pursuant to Bankruptcy Rule 2004. In its application, Parker Brothers alleges three grounds for relief:

First, it argues that under Rules 2004 and 9013, an order seeking the examination of a witness requires a motion and may not be entered upon application. The Committee's supporting paper requesting the order for Rule 2004 exams was entitled "Application for Order," etc.

■ Bankruptcy Rule 9013 states that a request for an order shall be by written motion, and that "the motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought." The denominated "application" does precisely that. The court finds that Parker Brothers' objection on this point is completely frivolous and without merit.

Second, Parker Brothers contends that service of the first subpoena did not comply with Bankruptcy Rule 9016 and Rule 45(c) of the Federal Rules of Civil Procedure because it was served by mail beyond a 100 mile radius of this district and no witness fee was tendered.

■ This court finds that any errors in service made by the Committee were subsequently rectified by service of the subpoena in New York City, along with a copy in Massachusetts, together with the required witness fee.[1] The court finds this contention, too, utterly frivolous and without merit.

Finally, Parker Brothers argues that an inquiry into the facts surrounding the signing of a guarantee by the debtor is outside the permissible scope of a Rule 2004 examination.

Rule 2004(b) states that the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate ...." The facts surrounding the signing of the guarantee held by

---

1. In fact, ¶ 10 of Parker Brothers' Application in this matter refers to the second service of the subpoena:

"10. On February 2, 1984, Committees' [sic] Counsel caused another subpoena to be served upon Parker Brother's [sic] in New York City."

Parker Brothers, which go directly to the validity of a $1,600,000 claim, are clearly "related" to the debtor's financial condition and affect the administration of its estate.[2]

 Parker Brothers also contends that the examination is not proper because it lacks knowledge of the debtor's financial condition which would relate to the reorganization, and that it has no knowledge of the debtor's assets and liabilities which is not already known to the debtor. However, a mere claim that the party to be examined lacks knowledge of the debtor's affairs is insufficient to vacate an order of examination. *See Transcontinental Motors, Inc. v. NSU Motorenwerke Aktiengesellschaft,* 45 F.R.D. 37 (S.D.N.Y.1968).

A Rule 2004 examination permits a broad range of inquiry into all matters relevant to the debtor's financial affairs. *See In re Foest,* 93 F. 190, 191 (S.D.N.Y. 1899) (permitting wide latitude of examination of "persons closely connected to the [debtor] in business dealings ... for the purpose of uncovering assets and unearthing frauds"). In *Matter of Olin of N.Y.,* 4 B.C.D. 1184 (Bankr.S.D.N.Y.1979), the court permitted a secured creditor which had had extensive dealings with the bankrupt to be subpoenaed for examination by the trustee. The bankruptcy court construed examination pursuant to § 21a of the Bankruptcy Act and Bankruptcy Rule 205, the predecessors to current Rule 2004, as in the nature of a discovery proceeding, a means of investigation for the purpose of recovering the debtor's assets (citing *Matter of Autocue Sales & Distributing Corp.,* 151 F.Supp. 798, 800 (S.D.N.Y. 1957)).

Although Parker Brothers notes that it has delivered to the Committee "relevant information from its files" with respect to the guarantee, the only information from its files that Parker Brothers appears to have submitted is a copy of the guarantee itself.

 Inquiry into the validity of the disputed claim for $1,600,000 held by Parker Brothers should not be limited solely to inspection of the face of the guarantee, but should properly encompass all the facts and circumstances surrounding its execution. The appropriate avenue for such inquiry is the examination of Parker Brothers ordered by this court pursuant to Bankruptcy Rule 2004.

The motion for relief of Parker Brothers from the order is therefore denied.

**2.** Parker Brothers' reliance on the case of *In re GHR Energy Corp.,* 35 B.R. 534, 11 B.C.D. 312 (Bankr.D.Mass.1983) is misplaced. The debtors in that case alleged that the information sought in a Rule 2004 exam was necessary in order to determine whether to bring a lawsuit against the individuals examined. The court held that the debtors could not use Rule 2004 to examine a creditor so as to circumvent the procedural safeguards provided a litigant in discovery proceedings under the Federal Rules of Civil Procedure. 35 B.R. 534, 11 B.C.D. at 314.