In re Judith Eloise **HANEY.**

Robert Fureigh, Plaintiff,

v.

Judith Eloise Haney, Defendant.

**Bankruptcy No. 98–46669 S.
Adversary No. 98–4059.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

June 24, 1999.

James Dendy, Little Rock, AR, for plaintiff.

Judith Eloise Haney, Hot Springs Village, AR, pro se debtor.

M. Randy Rice, Chapter 7 Trustee.

### ORDER GRANTING MOTION FOR PROTECTIVE ORDER

MARY D. SCOTT, Bankruptcy Judge.

This Cause is before the Court upon a Motion for Order of Protection filed by the Pulaski County Sheriff's Office on May 25, 1999, to which the debtor responded on June 15, 1999.

This is an adversary proceeding to determine the dischargeability of a debt pursuant to section 523(a)(15). Within the context of this proceeding the debtor served interrogatories upon the Pulaski County Sheriff requesting information regarding contacts between the plaintiff and employees of the Sheriff. The Sheriff, although not a party obligated to respond to interrogatories pursuant to Fed. R.Civ.P. 33, did so. Apparently dissatisfied with the answers in the interrogatories, the debtor served [1] a second set of interrogatories upon the Sheriff, asserting that the first answers were untrue. After receipt of the supplemental interrogatories, the Pulaski County Attorney's Office advised the debtor that the information she requested did not exist or had already been provided. Despite this information, the debtor apparently persisted in contacting the County Attorney with regard to the discovery requests, requiring the Sheriff to move for a protective Order. That motion was granted by Order entered on May 24, 1999. The Sheriff has again moved for a protective order because the debtor has attempted to serve discovery requests upon persons employed by the Pulaski County Sheriff's Office.[2]

Rule 9016, Federal Rules of Bankruptcy Procedure, provides that Rule 45, Federal Rules of Civil Procedure, applies in cases under the Code. Rule 45(a) provides for issuance of subpoenas upon persons to attend and give testimony or produce documents in the control of that person. Subpoenas must be issued by the clerk or an attorney as officer of the court and properly served pursuant to the rules. Rule 45(c)(3) provides authority for the court to quash or modify the subpoena if it is unreasonable or oppressive. *See Kostelecky v. NL Acme Tool/NL Industries, Inc.*, 837 F.2d 828, 833 (8th Cir.1988). In this case, the debtor has twice served interrogatories and requests for production of documents, together with apparently unissued subpoenas, upon a nonparty entity and nonparty persons. From the debtor's own response to the motion, it appears that the sole reason for the second and third sets of interrogatories is that she is dissatisfied with the answers. Indeed, she asserts that the Sheriff is "obstructing the truth" and conspiring with her ex-spouse to violate the automatic stay in bankruptcy. The fact that debtor does not believe the answers is not grounds for papering the Sheriff or his employees with unissued subpoenas, deposition questions, interrogatories or requests for documents. They are not subject to many of the discovery provisions of the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Even were these rules applicable, the subject of a discovery re-

---

1. From the motion and debtor's own response, it appears that the debtor personally appeared at the office of the sheriff and either served the interrogatories herself or demanded that the sheriff serve his employees. Under either scenario, service is improper because a party is not permitted to effect service nor should the object of a subpoena serve itself. *See* Fed.R.Bankr.P. 9016(b).

2. Future requests should append the discovery requests and/or subpoenas to the motion.

quest may not be compelled to repeat its answers to discovery requests. Finally, since a party may not be compelled to produce something that is not in existence, *In re Sutera*, 141 B.R. 539 (Bankr.D.Conn. 1992), repeated requests for nonexistent documents are properly the subject of a protective order. Based upon the foregoing, it is

**ORDERED** that the Motion for Order of Protection filed by the Pulaski County Sheriff's Office, on May 15, 1999, is GRANTED to the extent it requests a protective order for pending discovery requests. The subpoenas (to the extent they exist) directed to the employees of the Pulaski County Sheriff, Lt. Jay Campbell, Diana Iles, Nancy Mark, Donna Clark, Lt. Robert Bohannon, and Sgt. Robert Richter are QUASHED and these persons or the entity by whom they are employed are not required to respond to the discovery requests or the subpoenas. To the extent the motion requests injunctive relief prohibiting the debtor from obtaining additional subpoenas or contacting the Pulaski County Sheriff, that request is DENIED without prejudice to the filing of a separate adversary proceedings seeking an injunction.

**IT IS SO ORDERED.**