*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b).  See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  07b0004n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:   NICOLE ENERGY SERVICES, INC., | ) |
| Debtor. | ) ) ) |
| ———————————————— | ) |
| NICOLE ENERGY MARKETING, INC., NICOLE GAS PRODUCTION, LTD., NICOLE GAS MARKETING, INC., SEABURYSON PROPERTIES, LTD., and FRED FULSON, | ) ) ) ) ) ) |
| Appellants, | ) ) |
| v. | )   No. 06-8028 |
| LARRY J. McCLATCHEY, CHAPTER 11 TRUSTEE FOR NICOLE ENERGY SERVICES, INC., | ) ) ) ) |
| Appellee. | ) ) |
| ———————————————— | ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division at Columbus.
No. 03-67484.

Submitted:  November 8, 2006

Decided and Filed:  February 1, 2007

Before: LATTA, PARSONS, and WHIPPLE, Bankruptcy Appellate Panel Judges.

————————————

**COUNSEL**

**ON BRIEF:**  Michael T. Gunner, Hilliard, Ohio, Clifford O. Arnebeck, Jr., Columbus, Ohio, Jay Maynard, Columbus, Ohio, for Appellants.  Stewart Cupps, KEGLER, BROWN, HILL & RITTER, Columbus, Ohio, for Appellee.

---

## OPINION

---

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Nicole Energy Marketing, Inc., Nicole Gas Marketing, Inc., Nicole Gas Production, Ltd., Seaburyson Properties, and Fred Fulson ("Appellants") appeal an order of the bankruptcy court imposing $16,303.55 as sanctions for Appellants' willful violation of the court's prior order directing them to comply with subpoenas to appear for Rule 2004 examinations and produce certain documents. The sum awarded equals the fees and costs the Trustee incurred due to Appellants' noncompliance with the court's order. Appellants assert that the bankruptcy court violated Appellants' due process rights when the court failed to conduct a hearing to determine the amount of a sanction awarded. Appellants further argue that the bankruptcy court erred in determining the reasonableness of the sanction based on affidavits of counsel.

## I. ISSUES ON APPEAL

This appeal raises the following issues: (1) whether a bankruptcy court is required to hold a separate hearing to determine the amount of sanctions to be awarded; and (2) whether a bankruptcy court may rely solely upon affidavits to determine the amount of a sanction to be awarded.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel ("BAP") has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed as of right under 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). A bankruptcy court order imposing sanctions is a final order. *In re Hake*, No. 06-8007, 2006 WL 2621116, at *1 (B.A.P. 6th Cir. September 14, 2006); *see also In re Jeannette Corp.*, 832 F.2d 43, 46 (3rd Cir. 1987) (finding that a court order imposing sanctions is final so long as the sanction amount has been determined).

## III. FACTS

Appellants include several closely held companies related to Nicole Energy Services, Inc. ("Nicole Energy"), the Debtor in the above-styled Chapter 11 bankruptcy case. The companies share

common ownership and management through Appellant Fred Fulson. In October 2004, the Chapter 11 Trustee for Nicole Energy, Larry McClatchey ("Trustee"), began an investigation into the business and finances of all of Fulson's companies, including the Appellants. Pursuant to this investigation, the Trustee sought a number of documents from each of Appellant companies and also requested that the companies submit to examinations pursuant to Federal Rule of Bankruptcy Procedure 2004. After a hearing on the Trustee's request and objections thereto by the Appellants and the Debtor, the bankruptcy court overruled the objections and entered an order authorizing the Rule 2004 examinations and the production of documents. Thereafter, the Trustee issued the appropriate subpoenas to the Appellant companies directing them to appear for examination on a specified date and produce the requested documents.

The Appellant companies responded to the subpoenas with a motion to quash. After a hearing, the bankruptcy court, on July 15, 2005, entered an order denying the motion to quash (the "July Order"), concluding that the motion raised specious arguments or ones previously rejected by the court. The July Order directed the Appellant companies to produce the documents that the Trustee had previously requested and to submit to the Rule 2004 examinations. The bankruptcy court explained at that time that Appellant companies would face sanctions, such as monetary fines, for future noncompliance. Despite the Trustee's repeated efforts to obtain the documents and examination pursuant to the order, the Appellants failed to cooperate and comply with the July Order.

On October 7, 2005, the Trustee filed his "Motion to Show Cause Why Freddie L. Fulson and Fulson-Controlled Entities Should Not Be Held in Contempt." The Appellants filed objections to the motion and the Trustee replied. Included in the Trustee's reply was an invoice that detailed the attorney fees and costs that he had incurred as a result of the Fulson-Controlled Entities' noncompliance. The Trustee requested the bankruptcy court to award those fees and costs totaling over $34,000 as a sanction against Appellants. On January 19, 2006, the bankruptcy court held an evidentiary hearing on the Trustee's show cause motion. The Trustee and Appellants were present at the hearing. Each party tendered exhibits and made arguments, and the court heard testimony from the Trustee and Fulson. The bankruptcy court found that the Appellants willfully violated the July Order. At the close of that hearing, the bankruptcy court found that $1,653 in fees and costs that had accrued from October 7, 2005 to October 27, 2005 were attributable to the misconduct of the Appellants. The court then asked the Trustee to submit an affidavit itemizing fees and expenses incurred from October 27, 2005, through the January 19, 2006 hearing, related to his efforts to compel compliance with the July Order. According to the affidavit ultimately submitted, the Trustee's fees and expenses for this time period, plus the previous $1,653 amount, totaled

$16,303.55. The Appellants filed a counter-affidavit contesting the reasonableness and necessity of the fees outlined in the Trustee's affidavit. The court considered both affidavits and found the fees and expenses detailed by the Trustee in his affidavit to be reasonable. Consequently, on February 14, 2006, the bankruptcy court ordered the Appellants to pay the Trustee sanctions in the amount of $16,303.55.

On February 17, 2006, the Appellants filed their "Motion for Additional/Amended Findings with Respect to the February 14, 2006 Judgment." Although the Appellants did not assert that the trial court's factual finding of willful disobedience was improper, the Appellants did argue that the trial court should have conducted a second hearing regarding the reasonableness of the fees pursuant to section 330 of the Bankruptcy Code (11 U.S.C. § 330). On May 12, 2006, the bankruptcy court denied the Appellants' motion, explaining that section 330 is inapplicable because the sanctions awarded in the present case were not awarded as professional fees.[1] The Appellants commenced this timely appeal on May 22, 2006.

## IV.   DISCUSSION

### A.  The Appellants Were Afforded Procedural Due Process by the Bankruptcy Court.

The Appellants do not argue that the bankruptcy court's imposition of sanctions in this case was unjust or unrelated to the claim at issue. Rather, the Appellants argue that their due process rights were violated when the bankruptcy court failed to conduct a separate hearing to consider the

---

[1] Although the court indicated in its order that the sanctions were awarded "under the authority granted by Fed. R. Bankr. P. 7037(b)(2)(E)," that provision only applies to a "party" to a contested matter or adversary proceeding. In this instance, the authority of the bankruptcy court was provided by Rule 45 of the Federal Rules of Civil Procedure as incorporated by Federal Rule of Bankruptcy Procedure 9016, section 105 of the Bankruptcy Code, and the court's inherent powers. *See In re Sciaba*, 334 B.R. 524, 526 (Bankr. D. Mass. 2005) (citing Fed. R. Civ. P. 45(e) ("Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena issued. . . ."), and 11 U.S.C. § 105(a) ("The court may issue any . . . judgment that is necessary or appropriate to carry out the provision of this title. . . .")). *See also Pereira v. Felzenberg*, No. 96 Civ.7957, 1997 WL 698186, at *5 (S.D.N.Y. Nov. 7, 1997) (failure of nonparties to bankruptcy action to obey court order directing attendance at Rule 2004 examination cannot subject them to Rule 37 sanctions); *Matter of Sutera*, 141 B.R. 539, 541 (Bankr. D. Conn. 1992) (Rules 26-37 adopted by Fed. R. Bankr. P. 7026-37 apply only when contested matters or adversary proceedings have been commenced); *In re Teknek, LLC*, No 05 B 27545, 2006 WL 2136046, at *1 (Bankr. N.D. Ill. June 30, 2006) (upon issuance of subpoena, "Rule 45 sets the stage for what the law requires and not Federal Rule 7037"). When considering an award of sanctions pursuant to its inherent powers, however, a bankruptcy court may look to Rule 37 as a guide to determine the proper level of response to the contemnor's offense. *Pereira*, 1997 WL 698186, at *6.

reasonableness of the fees incurred by the Trustee and awarded as a sanction against Appellants, and when the bankruptcy court failed to apply the lodestar method to determine the reasonableness of fees as is required for applications brought pursuant to section 330 of the Bankruptcy Code.

Although the Appellants do not specify, it is apparent from their argument that Appellants assert that the court violated their Fifth Amendment procedural due process rights. Generally, as the Supreme Court has explained, "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 901 (1975). The Supreme Court has held that procedural due process requires a hearing "before an individual is finally deprived of a property interest." *Id*. at 333; (citing *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974); *Phillips v. Commissioner*, 283 U.S. 589, 596–97 (1931)). Notice and an opportunity to be heard are fundamental to the satisfaction of procedural due process requirements. *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950).

In determining whether the bankruptcy court violated the Appellants' procedural due process rights, the Panel is asked to consider whether due process requires a separate hearing to calculate the amount of sanctions a court may award after a court has deemed a person to be in contempt for failing to obey an order requiring compliance with a subpoena. While a court has broad discretion in imposing sanctions as a method of enforcing its orders and deterring misconduct, such discretion is not unfettered. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133 (1991). With respect to sanctions as a result of a discovery order violation, a trial court must award sanctions that are "just" and relate to the claim at issue in order to comply with due process standards. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites of Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 2107 (1982)). Because the "primary purposes of civil contempt are to compel obedience to a court order and compensate for injuries caused by noncompliance," an "award of attorney's fees and expenses to a successful movant may be appropriate . . . ." *TWM Mfg. Co. v. Dura Corp*., 722 F.2d 1261, 1273 (6th Cir. 1983). When awarding attorney fees and expenses, the trial court must ensure that the amount awarded is consistent with the amount the moving party spent as a result of the nonmoving party's failure to comply with the rules of discovery. *Jackson v. Nissan Motor Co.*, 888 F.2d 1391 (table opinion); No. 88-6132, 1989 WL 128639, at *4-6 (6th Cir. Oct. 30, 1989) (per curiam).

Due process also requires notice and an opportunity to be heard before a court imposes sanctions. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 2464 (1980).

It is unclear, however, whether due process requires both a hearing to consider whether to impose sanctions and a separate hearing to consider the amount of the sanction. The Sixth Circuit Court of Appeals has not directly addressed this issue. Jurisdictions that have addressed this issue have found that due process is satisfied when the trial court holds "a hearing on the motion for sanctions, at which both sides are [permitted] to present arguments as to the propriety and type of sanctions to be awarded." *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1522 (11th Cir. 1986); *see also United States v. Asay*, 614 F.2d 655, 658 (9th Cir. 1980) (award of expenses based on affidavits submitted after hearing on contempt). Such courts have also found that a separate hearing to determine the amount and scope of the sanction awarded is not necessary. *Pesaplastic,* 799 F.2d at 1522; *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1466 (10th Cir. 1988); *but see McFarland v. Gregory*, 425 F.2d 443, 449-50 (2d Cir. 1970) (finding that due process requires a hearing on the amount of attorney fees when the amount imposed is based on an unitemized or vague affidavit).

The bankruptcy court afforded the Appellants the fundamental requirements of due process. The Appellants agree that they had notice and an opportunity to be heard before the court imposed sanctions. A second hearing to determine the amount of the sanction to be imposed was not necessary so long as the Appellants were provided a procedure for opposing the reasonableness and calculation of the sanction based upon attorney fees incurred. The Appellants were provided this opportunity and, in fact, submitted an opposing affidavit in response to the Trustee's affidavit, both of which were considered by the bankruptcy court. It is significant that the opposing affidavit by Appellants' counsel only challenged the total amount as being unreasonable but failed to specify any particular time entry or hourly rate that was inappropriate or unreasonable.

A second portion of the Appellants' due process argument concerns the failure of the bankruptcy court to apply the lodestar analysis to determine the reasonableness of the fees incurred by the Trustee as is required in connection with applications for fees brought pursuant to section 330 of the Bankruptcy Code. The Appellants' reliance upon section 330 is misplaced for a number of reasons. Section 330 outlines the requirements for compensating officers of a bankruptcy estate. The scope of section 330 is limited to certain professionals hired in accordance with section 327 of the Bankruptcy Code. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030 (2004). A debtor's attorney not engaged as provided by section 327 is not included within the class of persons eligible for compensation under section 330. One of the reasons for the heightened scrutiny of fee requests made pursuant to section 330 is that section 330 authorizes payment of fees from the bankruptcy estate.

The Appellants were not entitled to the protection of the procedures outlined in section 330 of the Bankruptcy Code because the Trustee was not awarded fees as a professional pursuant to section 327, but as a sanction for violating the directives of a court order. Additionally, as the bankruptcy court noted, the sanctions in the present case will not be paid from the bankruptcy estate of the debtor, but from the assets of the Appellants.

Appellants assert that the proper method for calculating attorney fees in a bankruptcy case is the "lodestar" analysis. The lodestar method of fee calculation is used to determine reasonable attorney fees awarded pursuant to federal statutes that provide for award of attorney fees. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S. Ct. 3078 (1987). The lodestar method is the appropriate method for determining the reasonableness of attorney fees awarded pursuant to section 330 of the Bankruptcy Code. *See In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). As stated previously, however, section 330 is not implicated in this case and the Sixth Circuit has not imposed the lodestar method as the method for calculating contempt sanctions.

There was no error in the bankruptcy court's failure to conduct a second hearing or in its failure to use the lodestar method to calculate the sanction to be imposed upon the Appellants.

### B. The Bankruptcy Court Properly Relied Upon Affidavits in Considering the Amount of Sanction to be Imposed.

The Appellants argue that it was error for the bankruptcy court to rely solely on the parties' affidavits in calculating the reasonableness of the monetary sanction imposed upon them. The Sixth Circuit has not explicitly stated whether a trial court may use only affidavits to determine the reasonableness of a monetary sanction. In *Jackson v. Nissan Motor Corporation*, the court analyzed a district court's assessment of discovery sanctions based on an affidavit. *Jackson*, 1989 WL 128639, at *6. In that case, the court found that the moving party's affidavit did not specify which amounts it incurred as a result of its motion for sanctions or whether the amount represented fees and costs related to other aspects of the case. Consequently, the court found that the district court abused its discretion when it failed to specify that "the fees claimed were limited to those permissible under Rule 37(d)." *Id*. The court did not address whether the district court's reliance on the affidavit was improper. *Id*. *See also Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 722 (6th Cir. 1996) (court of appeals found no error in the trial court's award of reasonable attorney fees incurred in prosecuting contempt motion; trial court was familiar with the proceedings and fees were based upon counsel's affidavit describing in detail legal services performed, hours worked, and hourly rate claimed, and opining the amount was reasonable).

Federal Rule of Bankruptcy Procedure 9017 provides that Federal Rule of Civil Procedure 43 applies in cases under the Bankruptcy Code. In turn, Rule 43(e) permits motions based on facts not appearing of record to be heard on affidavits presented by the parties. Fed. R. Civ. P. 43(e). Although the Sixth Circuit has not addressed this issue, other courts of appeal have held that a court may rely on affidavits "as proof of the amount to be awarded." *See, e.g., Shipes v. Trinity Indus.*, 987 F.2d 311, 323–24 (5th Cir. 1993). For example, the Eleventh Circuit, in a factually similar case, explained that courts have the power to assess the reasonableness of an award of attorney fees independently and may rely on affidavits to do so. *See Pesaplastic*, 799 F.2d at 1522. The Eleventh Circuit specifically found that a court's reliance on affidavits alone does not violate due process rights. *Pesaplastic,* 799 F.2d at 1522-24 (holding that reliance on affidavits to determine sanction amount satisfies due process; no hearing required). Similarly, the Fifth Circuit has held that an affidavit provides sufficient proof of the amount to be awarded. *See Shipes*, 987 F.2d at 324. The Panel agrees and holds that there was no error in the bankruptcy court's reliance upon affidavits.

## V.   CONCLUSION

There was no error in the procedure followed by the bankruptcy court in determining the amount of sanction to be imposed upon the Appellants. The order of the bankruptcy court is **AFFIRMED**.